IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

**October 30, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

JOSEPH R. CARUTHERS,            )    CUMBERLAND PROBATE AND FAMILY
                                )    COURT
                                )    C.A. NO. 03A01-9712-PB-00539
        Plaintiff-Appellee,     )
                                )
vs.                             )
                                )    HON. JAMES A. BEAN
                                )    JUDGE
                                )
DIANE L. CARUTHERS,             )
                                )
        Defendant-Appellant     )    AFFIRMED AND REMANDED


M. JANE POWERS, The Powers Law Firm, Crossville, for Appellant.


SHARON SERRA, Crossville, for Appellee.



OPINION



                                                  McMurray, J.



        This appeal is from a judgment in a divorce action heard in the Probate and Family Court of Cumberland County. The appellant challenges the trial court's division of the marital estate, the adequacy of her hearing before the court, and the trial court's award of $5,000.00 to the appellee for improvements to the appellant's separate property. We affirm the judgment of the trial court.

Before the trial which resulted in the judgment giving rise to this appeal, the court entered a pretrial order pursuant to Rule 16.05, Tennessee Rules of Civil Procedure.[1]  The pretrial order provides as follows:

> Upon announcement of counsel for the parties that all interested persons have participated in a mediation session and that certain issues were resolved, with only one issue remaining unresolved.  Therefore, it is hereby
>
> ORDERED, ADJUDGED and DECREED, that the parties have resolved to stipulate grounds for divorce, pursuant to T.C.A. § 36-4-129; that there were no children born to this marriage; and that the parties have divided and distributed  all separate and marital property.  Having mediated and resolved these issues, this matter is set for final hearing on May 30, 1997, at which time the sole issue to be litigated is the plaintiff's claim against the defendant for $5,000.00 for the costs of improvements made to defendant's separate property.
>
> ENTER this 6th day of May, 1997.

In accordance with the provisions of the pretrial order, a hearing limited to the sole issue reserved for trial in the pretrial order was held.  The court resolved the issue in favor of the plaintiff and entered judgment accordingly.  Defendant now appeals, presenting the following issues for our consideration:

A.    The division of marital property by the trial court was not equitable and is contrary to the weight of the evidence introduced at trial.

B.    The parties were not afforded a full and complete trial due to the time constraints imposed by the trial court as appellant was precluded from presenting full and adequate proof at the trial.

---

[1]The pretrial order was approved for entry by the attorneys for both parties.

2

C.   The trial court reached its conclusion in this cause concerning the division of the marital property based upon inadequate proof.

D.   The trial court's award of $5,000.00 to the appellee for improvements he purportedly made to the appellant's separate property is without basis in law or the evidence presented at trial and is precluded by the statute of frauds.

The framing of the issues suggests that the appellant does not grasp the significance and effect or purpose of a pretrial order. Rule 16.05 provides as follows:

**16.05. Pretrial Orders.** — After any conference held pursuant to this rule, an order shall be entered reciting the action taken. This order **shall control the subsequent course of action** unless modified by a subsequent order. The order following a pretrial conference shall be modified only for good cause shown. (Emphasis added.)

A pretrial order for all practical purposes supplants the pleadings regarding the issues to be tried. "The parties are bound by the issues reserved in the pretrial order and may not later inject a new issue except in exceptional cases ... . ... If defendant's counsel had desired to present issues at the trial which were not contained in the pretrial order, he should have asked for an amendment to the pretrial order." Kathryn Neuspickle and Larry D. Neuspickle v. The City of Knoxville, Tennessee, 48 F.R.D. 441 (1969).

3

Three things are worthy of note.  First, Rule 16 of the Tennessee Rules of Civil Procedure, as applied here, basically follows the Federal Rules.  Second, this is not such an exceptional case as to require the trial court to allow issues not contained in the pretrial order to be addressed.  Third, the attorney for the appellant in this case made no effort to have the pretrial order amended.  The pretrial order is binding.

Further Rule 36(a), Tennessee Rules of Appellate Procedure provides in pertinent part that "[n]othing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."  We believe that this principle is also applicable to this case.  Assuming for purposes of discussion only, and for no other reason, that the trial court committed error, the appellant participated in the acts which led the court into limiting the issues and then took no action whatever to have the pretrial order amended.

As to the last issue, the evidence does not preponderate against the findings and judgment of the trial court.  Further, we find no basis for the application of the statute of frauds.

As to the claim that appellant was not afforded a full and complete trial due to the time constraints imposed by the trial court, we find this issue to be without merit.  No objection was

4

raised in the trial court nor was an offer of proof made or permission requested to do so.

Furthermore, the appellant's challenge to the sufficiency of her hearing before the trial court is waived for failure to raise this issue at trial and for failure to cite any authority for her argument or make reference to the record for facts relied upon. See Court of Appeals Rule 6 and Tennessee Rules of Appellate Procedure, Rule 27(a)(7).

The appellee has asked that we find this appeal to be frivolous pursuant to the provisions of T.C.A. § 27-1-122. Upon consideration, we are of the opinion that while it is questionable as to whether appellant's appeal is sufficiently meritorious to avert sanctions for a frivolous appeal, we, in our discretion, decline to impose sanctions.

We affirm the judgment of the trial court in all respects. Costs are assessed to the appellant and this case is remanded to the trial court for such other and further action as may be necessary to carry out the judgment of the court.

_____
Don T. McMurray, Judge

CONCUR:

_____
Houston M. Goddard, Presiding Judge

5

_____
Herschel P. Franks, Judge

```
                    IN THE COURT OF APPEALS
                        AT KNOXVILLE
```

JOSEPH R. CARUTHERS,          )      CUMBERLAND PROBATE AND FAMILY
                              )      COURT
                              )      C.A. NO. 03A01-9712-PB-00539
          Plaintiff-Appellee, )
                              )
vs.                           )
                              )      HON. JAMES A. BEAN
                              )      JUDGE
                              )
DIANE L. CARUTHERS,           )
                              )
          Defendant-Appellant )      AFFIRMED AND REMANDED

**<u>JUDGMENT</u>**

This appeal came on to be heard upon the record from the Probate and Family Court for Cumberland County, briefs and argument of counsel.  Upon consideration thereof, this Court is of opinion that there was no reversible error in the trial court.

We affirm the judgment of the trial court in all respects. Costs are assessed to the appellant and this case is remanded to the trial court for such other and further action as may be necessary to carry out the judgment of the court.


                            PER CURIAM